UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DORY'ON MASON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00039-MTS |
| | ) |
| WILLIAM STANGE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of Missouri state prisoner Dory'on Mason's Petition for Writ of Habeas Corpus. Doc. [1].[1] Because it appears the Petition is time-barred, the Court will order Petitioner to show cause why this case should not be dismissed.

**Background**

Petitioner challenges the November 1, 2019, judgment in *State v. Dory'on Mason*, No. 1822-CR01881-01 (22nd Jud. Cir. 2018).[2] In that case, a jury convicted Petitioner of first-degree robbery and armed criminal action. The Circuit Court of St. Louis City

---

[1] Petitioner does not specify whether he seeks relief under 28 U.S.C. § 2241 or § 2254. Because Petitioner challenges the constitutionality of his confinement and is "in custody pursuant to the judgment of a State court," the Court will review the Petition under § 2254. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (explaining that a person in custody pursuant to a state-court judgment can only obtain habeas relief through § 2254).

[2] This information comes from *Case.net*, Missouri's online case management system. The Court takes judicial notice of the public records in Petitioner's underlying state actions. *See Levy v. Ohl*, 477 F.3d 988, 991–92 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

sentenced Petitioner to thirteen years' imprisonment. Petitioner appealed and the Missouri Court of Appeals affirmed his conviction on October 20, 2020. *State v. Mason*, 616 S.W.3d 345 (Mo. Ct. App. 2020). Petitioner filed a motion for transfer to the Supreme Court of Missouri on December 8, 2020. The Supreme Court of Missouri denied the motion on March 2, 2021.

On December 14, 2022, Petitioner filed a petition for habeas corpus in the Circuit Court of St. Francois County. *See Mason v. Adams*, No. 22SF-CC00234 (24th Jud. Cir. 2022). The court denied the petition on July 21, 2023. Petitioner then filed a habeas petition with the Missouri Court of Appeals, which denied the petition on September 18, 2023. *See Mason v. State*, No. ED111970 (Mo. Ct. App. 2023). Petitioner next sought habeas relief from the Missouri Supreme Court. *See Mason v. State*, No. SC100278 (Mo. 2023). The Supreme Court of Missouri denied the petition on December 19, 2023.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

>   of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the present petition suggests that subsections (B), (C), or (D) apply in this case. The Court therefore will consider whether Petitioner timely filed his petition under § 2244(d)(1)(A).

A judgment becomes final for the purposes of § 2244(d)(1)(A) upon the conclusion of direct review, or upon the expiration of the time for seeking review in the state's highest court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For a petitioner who files a motion for transfer to the Supreme Court of Missouri but does not file a petition for writ of certiorari with the Supreme Court of the United States, the one-year statute of limitations begins running when the time for seeking certiorari expires, which is 90 days after the motion for transfer is denied. *See id*.

The one-year limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2). But "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) (citing *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). Put another way, the limitations

3

period is not tolled during the period between a judgment's finality date and the filing of an application for post-conviction or other collateral review. *See* Brian R. Means, *Federal Habeas Manual* § 9A:63 (2023).

Here, the Missouri Court of Appeals affirmed Petitioner's conviction on October 20, 2020. Petitioner then filed a motion for transfer to the Supreme Court of Missouri on December 8, 2020. The Supreme Court of Missouri denied the motion on March 2, 2021. Thus, the one-year limitations period began running 90 days later, on May 31, 2021. Petitioner did not seek state habeas relief until December 14, 2022—562 days after the start of the limitations period. Those 562 days count against the one-year limitations period. *See Boston*, 525 F.3d at 624. Accordingly, the time for Petitioner to seek federal habeas relief expired on May 31, 2022. Petitioner did not file the present action until February 26, 2024.

Petitioner recognizes this shortcoming in his petition but asserts he is entitled to equitable tolling because of the COVID-19 pandemic. A petitioner is "entitled to equitable tolling" only if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)) (internal quotation marks omitted).

4

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2254 motions. *See United States v. Haro*, 8:18-cr-0066-RFR, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). For example, the District of Nevada granted a petitioner's COVID-based request for equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records. *See Dunn v. Baca*, 3:19-cv-0702 MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). In that case, the court had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.* But other courts have determined that COVID-related lockdowns do not warrant equitable tolling unless the petitioner can show he diligently pursued his right to file a habeas petition prior to the lockdown. *See, e.g.*, *United States v. Lionel Thomas*, 2:18-cr-00135-CJB, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, 4:18-cr-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the petitioner did not demonstrate that he diligently pursued his claims). The Court agrees that the COVID-19 pandemic itself does not automatically warrant equitable tolling. *See Wolf v. Buckner*, 4:23-cv-0849-RLW, 2023 WL 5289229, at *4 (E.D. Mo. Aug. 17, 2023) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis."). Accordingly, the Court will order Petitioner to show cause why the Court should not dismiss his petition as untimely.

5

**Motion to Substitute Party**

Petitioner also has filed a Motion to Substitute Party. Doc. [9]. Petitioner states in the Motion that William Stange is the current Warden of Southeast Correctional Center. Petitioner therefore requests that the Court substitute William Stange for Jason Lewis as Respondent in this matter.[3] Under Rule 2(a) of the Rules Governing § 2254 Cases, if a petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody of the petitioner. Accordingly, the Court agrees with Petitioner that Mr. Stange is the proper respondent and will order the Clerk of Court to substitute William Stange for Jason Lewis as Respondent in this matter.

**Motion to Amend**

Petitioner also has filed a Motion to Amend his Petition. Doc. [6]. He seeks to replace the term "Civil Division" with "Southeastern Division" in his Petition. He also wishes to submit a new "question presented sheet." The Court will deny the Motion because these suggested changes are unnecessary.

## CONCLUSION

For the foregoing reasons, the Court will order Petitioner to show cause why the Court should not dismiss his petition as untimely. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (stating that a district court must, before *sua sponte* dismissing a habeas petition as time-barred, give a petitioner due notice and a fair opportunity to show why the petition

---

[3] Petitioner refers to William "Strange" in his motion. The Court takes judicial notice of Missouri's Accountability Portal (https://mapyourtaxes.mo.gov/MAP/ Employees/), which reflects that William "Stange" is the current Warden of SECC. *See Levy*, 477 F.3d at 991–92.

should not be dismissed).  The Court will grant Petitioner's motion to substitute party and deny Petitioner's motion to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause in writing, no later than **Friday, July 5, 2024**, why this action should not be dismissed as time barred.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend, Doc. [6], is **DENIED**.

**IT IS FINALLY ORDERED** that Petitioner's Motion to Substitute Party, Doc. [9], is **GRANTED**.  The Clerk of Court shall substitute William Stange for Jason Lewis as Respondent in this matter and shall remove the State of Missouri as a Respondent in this matter.

Petitioner's failure to timely comply with this Order will result in the dismissal of this case without further notice to Petitioner.

Dated this 4th day of June 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

7