UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DORY'ON MASON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:24-cv-00039-MTS |
| GREGORY HANCOCK, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's response to the Court's Order to Show Cause. Doc. [12]. Having carefully reviewed Petitioner's response, the Court will dismiss this action for the reasons discussed below.

### Background

Petitioner filed this habeas action on February 26, 2024, challenging his November 1, 2019, judgment in *State v. Dory'on Mason*, No. 1822-CR01881-01 (22nd Jud. Cir. 2018). Doc. [1]. Although his time to seek federal habeas relief expired on May 31, 2022, *see* Doc. [11] at 4, Petitioner asserted that he is entitled to equitable tolling because of the COVID-19 pandemic. Doc. [1].

In its Order dated June 4, 2024, the Court explained that the pandemic itself does not automatically warrant equitable tolling. Doc. [11] at 5 (citing *Wolf v. Buckner*, 4:23-cv-0849-RLW, 2023 WL 5289229, at *4 (E.D. Mo. Aug. 17, 2023)). Accordingly, the Court ordered Petitioner to show cause in writing why this action should not be dismissed as untimely. *Id*.

**Discussion**

In his response to the Court's Show Cause Order, Petitioner asserts that he is entitled to equitable tolling because "he was never lacking in his diligence in his collateral attacks in seeking his [collateral] reviews in the foregoing/by and through his attorney's [sic]." Doc. [12] at 1. He states that "an impediment outside of himself is what caused the disparity in time" and that he is acting "under good faith and with no semblance of fraud or misrepresentation[.]" *Id*.

A petitioner is entitled to equitable tolling if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v.Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)) (internal quotation marks omitted).

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2254 motions. *See United States v. Haro*, 8:18-cr-0066, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). For example, the District of Nevada granted a petitioner's COVID-based request for equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records. *See Dunn v. Baca*, 3:19-cv-0702 MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). In that case, the

court had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.*

Conversely, other courts have determined that COVID-related lockdowns do not warrant equitable tolling unless the petitioner can show he diligently pursued his right to file a habeas petition prior to the lockdown. *See, e.g.*, *United States v. Thomas*, 2:18-cr-00135-CJB-KWR, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, 4:18-cr-00154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the petitioner did not demonstrate that he diligently pursued his claims). These cases demonstrate that the COVID-19 pandemic itself does not automatically warrant equitable tolling. *See Wolf*, 2023 WL 5289229, at *4.

Here, Petitioner fails to identify any specific obstacle that prevented him from filing his petition on time. His assertion that "an impediment outside of himself" caused the delay is entirely conclusory and unsupported by facts. As the Court already has explained, the mere existence of the pandemic does not justify equitable tolling absent a showing of actual, insurmountable barriers to filing.

Additionally, while Petitioner asserts that he diligently pursued his collateral attacks and that the delay was not due to negligence, he fails to substantiate these claims with any concrete factual allegations. Mere declarations of diligence, without supporting facts, do not satisfy the high bar for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that the burden is on the petitioner to demonstrate a basis for equitable

3

tolling). The U.S. Court of Appeals for the Eighth Circuit has emphasized that equitable tolling should be applied sparingly, warning that overuse of the doctrine would allow individualized hardship to "supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

In sum, Petitioner has not met his burden of establishing a basis for equitable tolling. His generalized allegations, unsupported by specific facts, are insufficient to justify such an extraordinary remedy. Consequently, the Court will dismiss this action as time-barred under Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Dory'on Mason's Petition for Writ of Habeas Corpus is **DENIED** as time barred. *See* 28 U.S.C. § 2244(d).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE